UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ADAM RACINE | CIVIL ACTION |
| VERSUS | NO. 20-3141 |
| TERREBONNE PARISH CORRECTIONAL JUSTICE COMPLEX CONSOLIDATED GOVERNMENT MEDICAL STAFF | SECTION "T" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Dwayne Adam Racine filed this 42 U.S.C. § 1983 civil rights complaint in the United States District Court for the Eastern District of Louisiana.

On March 11, 2021, the clerk of this court mailed to Racine at his current address a § 1983 Response Order instructing Racine to file a statement of facts, exhibit and witness list by April 12, 2021. That mailing was returned as undeliverable. To date, Racine has not complied with this Court's Order. Further, he has not, to date, filed a Notice of Change of Address or otherwise contacted the court or clerk of court. All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. Racine's failure to comply with the court's orders and rules and his failure to maintain a current address has delayed the court's ability to efficiently manage the case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

prosecute."[2]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3]  Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

Racine's failure to file a statement of facts, exhibit and witness list by the April 12, 2021, deadline and his failure to maintain a current address have delayed and interfered with the court's ability to manage this case.  The delay is caused by and attributable to Racine himself, justifying dismissal of his complaint.[6]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  Any objection should contain a short summary of the reasons why he failed to comply with the court's previous order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk

---

[2] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[3] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

## RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff Dwayne Adam Racine's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b);

**IT IS FURTHER RECOMMENDED** that Terrebonne Parish Correctional Justice Complex Consolidated Government Medical Staff's Motion to Dismiss (ECF No. 8), be **DENIED AS MOOT**.

New Orleans, Louisiana, this 9th day of June, 2021.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).